# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **RONDALL CLYDE MIXSON,** | ) CASE NO. 7:11CV00308 |
| Petitioner, | ) |
| | ) **MEMORANDUM OPINION** |
| vs. | ) |
| | ) |
| **WARDEN,** | ) By: Glen E. Conrad |
| | ) Chief United States District Judge |
| Respondent. | ) |

Rondall Clyde Mixson, a Virginia inmate proceeding pro se, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the November 2008 judgment of the Franklin County Circuit Court under which he stands convicted of statutory burglary and grand larceny. The petition is presently before the court on the respondent's motion to dismiss. For the reasons set forth below, the court will grant the motion.

**I**

Mixson pleaded not guilty to the Franklin County Circuit Court charges, was tried before a jury, and found guilty. The Court sentenced him on November 19, 2008 to a total sentence of 40 years imprisonment, with 26 years suspended. Mixson appealed the judgment unsuccessfully to the Court of Appeals of Virginia (Record No 2920-08-3) and then to the Supreme Court of Virginia, which refused his petition for appeal on February 19, 2010. (Record No. 092053.)

Mixson then sought collateral relief from the state courts. On October 14, 2010, he filed a "motion to vacate or modification" in the Franklin County Circuit Court. The Court found "no valid reason for vacation or modification of the sentencing order" and denied the motion to vacate on October 26, 2010.

Mixson next filed a petition for a writ of habeas corpus in the Supreme Court of Virginia on March 17, 2011, asserting the following ground for relief:

> Article I, Article II, and Article III to the U.S. Constitution was violated when [petitioner] was sentenced in Circuit Court of Franklin Virginia. Germane to the Constitutional doctrine of 'separation of powers' – Thus making petitioners [sic] current detention illegal.

In support of his claim, Mixson also alleged:

> Petitioner was sentenced to 40 years in the Franklin Circuit Court of Virginia germane to a sentencing guideline that was made part of the Violent Offender Incarceration and Truth-In-Sentencing (VIO/TIS) Program that was opted into by the then serving governor of Virginia, with the Department of Justice. When the governor opted into the program, he did so, encroaching on the legislative and judicial branch of the Virginia government, in which the sentencing court lacked subject matter jurisdiction to impose sentencing on the petitioner mentioned above.

Mixson also contended the claim was not time-barred because a jurisdictional claim may be brought at any time. The Supreme Court of Virginia summarily dismissed his habeas petition on May 13, 2011, finding that it was not timely filed in accordance with Virginia Code § 8.01-654(A)(2).[1] (Record No. 110516.)

On June 15, 2011, Mixson signed and dated his § 2254 petition, and the court received and docketed it on June 30, 2011. Mixson alleges the following ground for relief:

> Article I – Article II – Article III to the Constitution was violated when [petitioner] was sentenced in the Franklin County Circuit Court of Virginia germane to the Constitution [sic] doctrine 'separation of powers.' Petitioner was sentenced to 40 years in the Franklin Circuit Court of Virginia 'Germane' to a 'Sentencing Guideline' that was part of the Violent Offender Incarceration and Truth-In-Sentencing (VIO/TIS) Program that was opted [by] the then serving Governor [sic] of Virginia, with the Department of Justice, when the Governor [sic] of Virginia opted into said program, he did so 'encroaching' on the legislative and judicial branch [sic] of the Virginia government in which the

---

[1] Mixson states that the Supreme Court of Virginia denied his state habeas petition on April 28, 2011, and attaches a copy of the order to his § 2254 petition. The order he attaches, however, Record No. 110517, addressed an unrelated habeas petition he filed, challenging his convictions from the Roanoke County Circuit Court.

2

>       sentencing court lacked subject matter jurisdiction to impose sentencing on the
>       petitioner.

Respondent filed a motion to dismiss, and Mixson responded. The matter is now ripe for disposition.

## II

The respondent first argues that Mixson's claim is procedurally barred from federal habeas review, and the court agrees. In the interest of giving the state courts the first opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing, a state prisoner must exhaust all available state remedies before he can apply for federal habeas relief. Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998). "A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." Id. This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." Id. (citing Coleman v. Thompson, 501 U.S. 722, 731–732 (1991).

A federal habeas court may not review the merits of a procedurally defaulted claim absent a showing of cause and prejudice or a fundamental miscarriage of justice. See Harris v. Reed, 489 U.S. 255, 262 (1989). To show cause, petitioner must generally demonstrate that some force outside himself prevented him from learning of the facts necessary to bring the claims earlier, although he exercised reasonable diligence to discover such facts. Murray v. Carrier, 477 U.S. 478, 487-88 (1986).

The respondent concedes that Mixson has exhausted state court remedies as to his § 2254 claim by presenting the claim to the Supreme Court of Virginia in his state habeas petition. The state court summarily dismissed the state petition, however, as time-barred under Virginia Code

3

§ 8.01-654(A)(2). Such a determination constitutes an independent and adequate state ground for denying relief. See O'Dell v. Netherland, 95 F.3d 1214, 1243 (4th Cir. 1996); see also Hedrick v. True, 443 F.3d 342, 360 (4th Cir. 2006). Mixson offers absolutely no cause for his failure to bring this claim before the state courts within the deadline set by § 8.01-654(A)(2), and he makes no colorable claim of actual innocence.[2] Therefore, he fails to excuse his default. Accordingly, this court is procedurally barred from review of his claim on the merits and will grant the motion to dismiss.[3] An appropriate order will enter this day.

---

[2] In response to the motion to dismiss, Mixson asserts that his claim is jurisdictional, and that such jurisdictional claims can be raised at any time. Under the doctrine of procedural default, however, this court must defer to the state court's decision under state law that Mixson's claim was not timely filed in the Supreme Court of Virginia. Breard, 134 F.3d at 619. Moreover, Mixson's vague challenge to the validity of the Virginia statute under which he was convicted does not constitute a claim that the Franklin County Circuit Court did not have personal jurisdiction over him and subject matter jurisdiction to try him on the criminal charge for which he was convicted. See Ghameshlouy v. Commonwealth, 689 S.E.2d 698, 702-03 (Va. 2010) (discussing elements of Circuit Court jurisdiction).

[3] In the alternative to procedural default, the respondent argues that Mixson's claim is time-barred under 28 U.S.C. § 2244(d)(1). The court agrees. Mixson's Floyd County conviction became final on direct review when his opportunity to petition the United States Supreme Court for a writ of certiorari expired on May 20, 2010. See Rules of the Supreme Court of the United States, Rule 13(1) (time to file petition for writ of certiorari expires 90 days after entry of final judgment by highest state court). He then had until May 20, 2011, to file a § 2254 petition. Assuming without finding that he delivered his § 2254 petition to prison officials for mailing on the same day he signed and dated it, see Rule 3(d), Rules Governing § 2254 Cases, Mixson filed the petition, at the earliest, on June 15, 2011, nearly a month outside the federal filing period.

None of Mixson's post-conviction submissions tolled the federal clock under § 2244(d)(2) for a sufficient period to render his § 2254 petition timely. His state habeas petition was dismissed by the state court as untimely filed, so does not qualify as a properly filed collateral action under § 2244(d)(2). See Pace v. DeGuglielmo, 544 U.S. 408, 410 (2005). The motion to vacate or modify sentence that Mixson filed on October 14, 2010 in the Floyd County Circuit Court was a properly filed request for collateral relief, pursuant to Wall v. Kholi, ___U.S.___, 131 S. Ct. 1279 (2011). Because this petition was dismissed only 12 days after filing, however, its brief pendency did not toll the federal filing period long enough to bring Mixson's § 2254 within his one-year filing period under § 2244(d)(1).

Mixson has offered no grounds on which he is entitled to have his filing period calculated under any other subsection of § 2244(d) or on which equitable tolling is warranted. Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (finding equitable tolling available only in "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result"). Therefore, his petition is untimely under § 2244(d)(1). Because the respondent first asserts the defense of procedural default, however, the court will dismiss the petition on that ground.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondent.

ENTER: This 30th day of September, 2011.

          */s/ Glen E. Conrad*
          Chief United States District Judge

5

Case 7:11-cv-00308-GEC   Document 19   Filed 09/30/11   Page 5 of 5   Pageid#: 227